COURTESY COPY

FILED
CLERK, U.S. DISTRICT COURT

FEB 25 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation; and ISAAC LARIAN, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>CRUM & FORSTER SPECIALTY INSURANCE COMPANY, an Arizona corporation; and DOES 1 to 25,,<br><br>    Defendants. | Case No. CV07-8276 SJO (PJWx)<br><br>**STIPULATION AND [PROPOSED] ORDER FOR PROTECTION OF CONFIDENTIAL MATERIAL**<br><br>Note changes to Order.<br><br>PJW |

573509.1

1

**STIPULATION AND [PROPOSED] ORDER FOR PROTECTION OF CONFIDENTIAL MATERIAL**

## RECITALS

1. The parties to this stipulation for a protective order are Plaintiffs MGA Entertainment, Inc. and Isaac Larian and Defendant Crum & Forster Specialty Insurance Company (collectively the "Parties").

2. As part of their initial disclosures and throughout discovery in this action, the Parties expect to produce certain documents that may contain confidential attorney-client communications, attorney work product, proprietary data, trade secrets, confidential research and development data, or other commercially sensitive information ("Confidential Document(s)").

3. California *Civil Code* §§ 3426 *et seq.* define and protect certain trade secrets, and Fed.R.Civ.P. 26(c) authorizes the court to permit the disclosure of trade secret information pursuant to a protective order.

4. The Parties wish to protect the confidential and privileged nature of Confidential Documents and their content pursuant to this stipulation and protective order.

## STIPULATION

5. The Parties agree to produce certain Confidential Documents for examination and inspection in this action pursuant to this stipulation and protective order. These documents shall be marked or stamped "Confidential."

6. The Parties shall limit the use and dissemination of all Confidential Documents pursuant to this stipulation and order, and only for the purpose of litigating this action, and for no other purpose.

7. The production of any Confidential Document pursuant to this stipulation and order is not intended to be a waiver by any party of any objections or privileges that might apply to the use of the Confidential Document in any proceeding or for any purpose.

8. Under no circumstances, other than those specifically enumerated in this stipulation and order, or in a subsequent order of the court, shall any party or

person obtaining a Confidential Document disclose, provide, share, describe, comment on or disseminate a Confidential Document or its contents to persons other than the following:

    (a) the court, pursuant to paragraph 11 of this order;

    (b) counsel of record for a party to this action (including the paralegal, clerical and secretarial staff employed by such counsel); and

    (c) "Qualified Persons" designated below:

        (i) a party or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

        (ii) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

        (iii) court reporter(s) employed in this action;

        (iv) a witness at any deposition or other proceeding in this action; and

        (v) any other person as to whom the parties agree in writing.

9. Any Confidential Documents and their contents may be disclosed to and discussed with persons identified in paragraph 8(a)-(c) only after that person is provided a copy of this stipulation and order, has read and understood the stipulation and order, and executes a non-disclosure agreement in the form of attachment A hereto. Counsel of record providing the Confidential Document to any such person shall maintain the written agreement of any such person agreeing to be bound by this stipulation and order until the time specified in paragraph 15.

10. The persons to whom Confidential Documents are provided shall not make any copies or use any Confidential Document or its contents for any purpose whatsoever, except as permitted in this stipulation and order.

*All under seal filings will be governed by Local Rule 79-5.*

11. If any party or counsel of record files or submits a Confidential Document to the court the Confidential Document shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

**CONFIDENTIAL**

**This envelope contains documents that are subject to a Protective Order entered by the court in this action governing the use of Confidential Documents.**

All such documents so filed shall be maintained by the Clerk of the Court separate from the public records in this case and shall be released only upon further order of the court.

12. If any party or counsel of record objects to the designation of a Confidential Document as "Confidential" within the meaning of this stipulation and order, the party or counsel of record may apply to the court for a ruling that the document shall not be so treated, after giving ten days prior written notice of any such application to all Parties. Until the court enters an order, if any, changing the designation of the document, the document shall continue to be protected pursuant to this stipulation and order.

13. If any Confidential Document is used in any proceeding in this case, including any deposition, the document shall not lose its confidential and privileged status through such use, and the Parties shall take all steps reasonably required to protect the confidentiality of the document during any such use.

14. Nothing in this stipulation and order shall be interpreted or deemed in any way to affect or establish the admissibility of any Confidential Document in any proceeding.

15. Within 60 days of the final termination of this litigation, whether by settlement or by final judgment in a court of last resort, all Confidential Documents and copies of any Confidential Documents in the possession, custody or control of

the Parties, their counsel of record, and any persons provided Confidential Documents pursuant to paragraph 8 (a)-(c), shall either be returned to the party producing the Confidential Document or destroyed. All notes, memoranda, summaries or other documents in the possession, custody or control of any such persons referring, describing or relating to Confidential Documents shall be destroyed. Counsel of record shall obtain the return of all Confidential Documents and related documents from persons they provided such documents to pursuant to paragraph 8 (a)-(c). Counsel of record must certify in writing within the 60-day period to the Parties producing the Confidential Documents that all Confidential Documents and related documents and all copies have been returned or destroyed.

16. This stipulation and order shall survive the final termination of this action unless otherwise agreed by the Parties in writing or ordered by the court.

17. Nothing in this stipulation and order shall be deemed a waiver of the attorney-client, work product or any other privilege, or of the right of any of the Parties to oppose production of any information or documents as being outside the scope of discovery authorized by the Federal Rules of Civil Procedure or otherwise.

18. Nothing in this stipulation and order shall be construed to limit, restrict or otherwise affect the ability of the Parties to seek the production of documents, testimony or any information from any source.

19. The Parties, counsel of record, and persons receiving copies of Confidential Documents shall be bound by the terms and conditions of this protective order.

20. The court may impose sanctions on any person, party or counsel granted access to Confidential Documents under this stipulation and order who uses Confidential Documents for any purpose other than in connection with this case and in accordance with the terms of this stipulation and order.

21. A faxed or photocopied signature on this stipulation and order shall have the same force and effect as an original signature. Each party and counsel of record shall make his or her original signature available to the other promptly upon written request.

SO STIPULATED:

DATED: February 19, 2008         THE SCHINDLER LAW FIRM

By: _____
Eric J. Schindler
Attorneys for Plaintiffs MGA
ENTERTAINMENT, INC. and ISAAC
LARIAN


DATED: February 19, 2008         MUSICK, PEELER & GARRETT LLP

By: _____
Jennifer M. Kokes
Attorneys for Defendant CRUM &
FORSTER SPECIALTY INSURANCE
COMPANY

ORDER

It is so ordered.

Dated: February 25, 2008

*[signature]*
United States District Court Judge

Attachment "A"

AGREEMENT OF CONFIDENTIALITY

The undersigned acknowledges that he or she has read and is fully apprised of the Protective Order entered on or about _____ in that certain litigation entitled <u>MGA ENTERTAINMENT, INC., et al. v. CRUM & FORSTER SPECIALTY INSURANCE COMPANY</u>, United States District Court, Central District of California, Case No. CV07-8276 SJO (PJWx), and agrees to be bound by the terms thereof, to maintain the confidentiality of materials described therein, to make use of such materials only in connection with said litigation and for no other purpose, and agrees to be subject to the jurisdiction of that Court with respect to compliance with that Protective Order.

DATED:

By: _____

573509.1

8

**STIPULATION AND [PROPOSED] ORDER FOR PROTECTION OF CONFIDENTIAL MATERIAL**